UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 5:20-CR-632-6 |
| JESSICA SALINAS | § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Graciela R. Lindberg, Assistant United States Attorney, and the Defendant, Jessica Salinas, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to **Count Eight (8) of the Indictment** filed in this cause. Count Eight (8) of the Indictment charges Defendant with **possessing with intent to distribute 1 kilogram or more of heroin**, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The statutory maximum penalty for each violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A), is imprisonment of not less than 10 years, up to life imprisonment, and a fine of not more than $10,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years and up to life. *See* Title 18,

United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. See Title 18, United States Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose any forfeiture of assets contemplated in this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to drugs, fraud, illegal firearms/immigration. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

   (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

   (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

   (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

   (d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent

or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

**Waiver of Appeal and Collateral Review**

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United

4

States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. See *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to **Count Eight (8)** of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) The government also agrees that Defendant's prior sentence for March 7, 2019 offense, will not preclude her from seeking safety valve to the extent that she will not be penalized or receive a harsher sentence for both pending charge and March 7, 2019 charge being sentenced separately as opposed to combining drug amounts into a single sentence (with safety valve); and

(c) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses

arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

 (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

 (b) to set forth or dispute sentencing factors or facts material to sentencing;

 (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

 (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

 (e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has

consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charge contained in **Count 8** of the indictment. If this case were to proceed to trial, the United States could prove

each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

[See attached factual basis.]

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the

United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $0. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22. Defendant stipulates and agrees that any property listed in the Indictment's Notice of Forfeiture, if any, (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

27. This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that

no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Laredo, Texas, on _____, 2020.

_____
Jessica Salinas,
Defendant

Subscribed and sworn to before me on _____, 2020.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
United States Attorney

By: _____
Graciela R. Lindberg
Assistant United States Attorney

_____
Adriana Arce-Flores
Attorney for Defendant

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 5:20-CR-632-6 |
| JESSICA SALINAS | § | |

**PLEA AGREEMENT – ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     Sept. 9, 2020
Adriana Arce-Flores                                Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _____
Jessica Salinas                                        Date
Defendant

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 5:20-CR-632-6 |
| JESSICA SALINAS | § | |

**FACTUAL STATEMENT IN SUPPORT OF PLEA AGREEMENT**

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas and Graciela R. Lindberg, Assistant United States Attorney, and the defendant, Jessica Salinas, and the defendant's counsel, hereby stipulate as follows:

I.

If this case proceeded to trial, the United States of America would prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

On April 13, 2019, Drug Enforcement Administration (DEA) Confidential Source (CS) told DEA Special Agents in Laredo, Texas, that Jessica Salinas would drive from Dallas to Laredo to receive a drug-laden car battery from the CS on behalf of another co-conspirator. Agents were told that Salinas would be driving a red Hyundai. The CS knew this information because of phone calls he had with sealed Co-Defendant Number 4, beginning on April 7, 2019.

On April 17, 2019, the CS informed Agents that Salinas had arrived in Laredo early that morning, and identified which hotel and room Salinas was staying in. At 9:52 a.m., the CS and Agents arrived at the hotel. At 9:53 a.m., Agents observed as the CS took the battery out of the CS' vehicle, met with Salinas, and installed the drug-laden battery into Salinas' Hyundai. Aerial surveillance captured video of Salinas standing next to the hood of the car as the CS installed the

battery into the car. Once the battery was installed, Jessica Salinas drove to the U.S. Border Patrol checkpoint on Interstate Highway 35, north of Laredo, Texas. At the primary inspection lane, a service canine alerted to her vehicle. In the inspection lane, Agents discovered the car battery, which contained 4.9 kilograms of black tar heroin.

A search of Salinas' cellular phone revealed a conversation with sealed Co-Defendant Number 4, in which Salinas told sealed Co-Defendant Number 4 that she was willing to leave for Laredo, and had sufficient money for gasoline, but wanted confirmation from sealed Co-Defendant Number 4 prior to leaving Dallas.

Defendant, JESSICA SALINAS, hereby confesses and judicially admits that on April 17, 2019, she knowingly possessed with intent to distribute 1 kilogram or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

_____
Jessica Salinas
Defendant

APPROVED:

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____
Graciela R. Lindberg
Assistant United States Attorney

_____
Adriana Arce-Flores
Attorney for Defendant